DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:   MICAH F. FERGENSON
       ANDREW JONES
       Assistant United States Attorneys
       26 Federal Plaza, 37th Floor
       New York, New York 10278
       (212) 637-2190 / 2249

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

       Plaintiff,

       -v.-

VARIOUS FIAT CURRENCY WITH AN APPROXIMATE VALUE OF $2,300,000 SEIZED ON OR ABOUT MAY 20, 2021 FROM THE RESIDENCE OF URS MEISERHANS LOCATED IN NICOSIA, CYPRUS; and

APPROXIMATELY 38 LUXURY-BRAND WATCHES SEIZED ON OR ABOUT MAY 20, 2021 FROM THE RESIDENCE OF URS MEISTERHANS LOCATED IN NICOSIA, CYPRUS,

       Defendants-*in-rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**VERIFIED CIVIL COMPLAINT FOR FORFEITURE**

24 Civ. ___ (  )

       Plaintiff United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

# I. JURISDICTION AND VENUE

1. This action is brought pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (C) by the United States of America seeking the forfeiture of the following property:

   a. Various fiat currency with an approximate value of $2,300,000 seized on or about May 20, 2021 from the residence of Urs Meiserhans located in Nicosia, Cyprus (the "Seized Currency"); and

   b. Approximately 38 luxury-brand watches seized on or about May 20, 2021 from the residence of Urs Meiserhans located in Nicosia, Cyprus (the "Seized Watches");

(a. and b. together, the "Defendants-*in-rem*").

2. The Defendants-*in-rem* were seized by the Cypriot National Police while executing a Mutual Legal Assistance Treaty request and Provisional Arrest Warrant issued by the United States for the arrest of Urs Meisterhans, a Swiss national and then resident of Cyprus and Switzerland, who had been indicted in the Southern District of New York on charges of wire fraud, money laundering and aggravated identity theft.

3. The Defendants-*in-rem* are currently in the custody of the Cypriot National Police.

4. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355.

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b) because some of the acts and omissions giving rise to the forfeiture of the Defendants-*in-rem* took place in the Southern District of New York.

6. As set forth below, the Defendants-*in-rem* are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved

in violations of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering), and pursuant to Title 18, United States Code, Section 981(a)(1)(C) as proceeds traceable to violations of Title 18, United States Code, Sections 1343 and 1349 (wire fraud and conspiracy to commit wire fraud).

## II. FACTUAL ALLEGATIONS

7. On or about March 18, 2021, a grand jury in the Southern District of New York returned a sealed indictment charging Urs Meisterhans ("Meisterhans"), and nine co-conspirators, with one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; one count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h); and one count of aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2. A subsequent sealed superseding indictment filed on June 1, 2021 and unsealed on October 26, 2021 (the "Indictment") (D.E. 54) expanded the factual basis for these charges. *See United States* v. *Urs Meisterhans*, S9 21 Cr. 189. A copy of the Meisterhans Indictment is attached hereto as Exhibit 1 and incorporated by reference.

8. As described in the Indictment, Meisterhans participated in a sophisticated international mass-marketing investment fraud scheme to defraud English-speaking investors from around the world of millions of dollars, and to launder the fraud proceeds and distribute those proceeds among the conspirators, including through accounts in the Southern District of New York. The conspirators convinced victims to transfer funds to one or more bank accounts under the conspirators' control (the "Victim Depository Accounts") for what the victims understood to be investments in various companies - that is, the purchase of company shares. Rather than being used to make investments, the funds that victims transferred to the Victim Depository Accounts

were sent back to the conspirators by individuals sometimes referred to by conspirators as "bankers" (the "Bankers"), who were in fact responsible for laundering the proceeds of the investment fraud scheme. The combined losses of the fraud victims has exceeded six million U.S. dollars. The Bankers kept a percentage of the fraud proceeds.

9. Meisterhans was a key Banker – that is, money launderer – in the scheme. Meisterhans set up and controlled Victim Depository Accounts in several countries, including the United States, that received victim funds and were used to launder fraud proceeds back to co-conspirators. The U.S. bank accounts controlled by Meisterhans were held in the names of at least fourteen Delaware shell companies (the "U.S. Shell Company Accounts") and were managed by a co-conspirator ("CC-1").

10. Between in or about March 2018 and in or about April 2020, victims wired approximately $3.7 million to the U.S. Shell Company Accounts. The victims' funds were comingled with other funds in the accounts, and between 2014 and 2020, total deposits into the U.S. Shall Company Accounts (including transfers between the accounts) were approximately $13.4 million.

11. In furtherance of the money laundering conspiracy, Meisterhans directed CC-1 to transfer millions of dollars from the U.S. Shell Company Accounts to accounts controlled by Meisterhans overseas. Between May 2016 and October 2019, approximately $8.2 million was transferred from the U.S. Shell Company Accounts to accounts controlled by Meisterhans and held in his name in Cyprus, Lebanon and Germany.

12. Meisterhans transferred an additional $1.5 million from the U.S. Shell Company Accounts to other individuals (including two indicted co-conspirators) and to corporate entities in the UAE, France, United Kingdom, Spain, Israel, Romania, Austria, and Mexico.

13. Also in furtherance of the money laundering conspiracy, the conspirators at times converted fraud proceeds from victims into large sums of cash for distribution among the conspirators. The investigation has revealed at least six instances when conspirators received large bundles of cash, usually packed in envelopes from Meisterhans, ranging in amounts from 8,000 to 80,000 in either euros or Swiss francs and collected overseas in the United Kingdom, Cyprus and Switzerland.

14. On or about May 20, 2021, acting on the basis of requests for assistance from the United States, the Cyprus National Police executed a Provisional Arrest Warrant at the Cyprus residence of Meisterhans located in Nicosia, Cyprus (the "Residence"). Although Meisterhans was not found, the Cypriot authorities recovered the Seized Currency in numerous foreign denominations. The Seized Currency included currency from the United States, the European Union, Switzerland, the United Kingdom, Bulgaria, Romania, Albania, Serbia, the United Arab Emirates, China, Hong Kong, Turkey, Singapore, and India. Much of the cash had been stored in individual envelopes and was concealed in several locations throughout the Residence. The exteriors of the envelopes were marked with handwritten notations providing approximate amount of cash in the respective envelope and listing a name believed to correspond to foreign entities or shell companies.

15. During the same search, the Cypriot authorities recovered the Seized Watches, the majority of which were found concealed inside bags at the Residence.

### III. CLAIMS FOR FORFEITURE

### Claim One

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in a Transaction or Attempted Transaction in**
**Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

16. Paragraphs 1 through 15 of this Complaint are repeated and re-alleged as if fully set forth herein.

17. Title 18, United States Code, Section 981(a)(1)(A) subjects to civil forfeiture

> any property, real or personal, involved in a transaction or attempted transaction in violation of [Title 18, United States Code, Section 1956], or any property traceable to such property.

18. In turn, Title 18, United States Code, Section 1956(h) provides that

> [a]ny person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

19. By reason of the foregoing the Defendants-*in-rem* are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in a money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h), or as property traceable to such property.

### Claim Two

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
**(Proceeds Traceable to a Violation of 18 U.S.C. § 1349 (Conspiracy to**
**Commit Wire Fraud))**

20. Paragraphs 1 through 15 of this Complaint are repeated and re-alleged as if fully set forth herein.

21. Title 18, United States Code, Section 981(a)(1)(C), subjects to civil forfeiture:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of any offense constituting "specified unlawful activity"[.]

22. Pursuant to Title 18, United States Code, Sections 1956(c)(7) and 1961(1), wire fraud constitutes a specified unlawful activity.

23. The federal wire fraud statute, Title 18, United States Code, Section 1343, imposes a criminal penalty on any person who

> having devised . . . any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretense, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign commerce, any writings . . . for the purposes of executing such scheme or artifice.

24. The federal fraud conspiracy statute, Title 18, United States Code, Section 1349, subjects any person who attempts or conspires to violate any provision of Chapter 63, including Title 18, United States Code, Section 1343 (wire fraud), to the same penalties as those prescribed for the offense that was the object of the attempt or conspiracy.

25. By reason of the foregoing, the Defendants-*in-rem* are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting proceeds of, or derived from proceeds of, a violation of Title 18, United States Code, Sections 1343 and 1349.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-*in-rem* and that all persons having an interest in the Defendants-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants-*in-rem* to the United States of America for

disposition according to law, and that this Court grant Plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      October 15, 2024

                            DAMIAN WILLIAMS
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the Plaintiff
                            United States of America

By:   _____
        MICAH F. FERGENSON
        ANDREW JONES
        Assistant United States Attorneys
        26 Federal Plaza, 37th Floor
        New York, New York 10278
        (212) 637-2190 / 2249

## DECLARATION OF VERIFICATION

Benedict Castro, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the Internal Revenue Service – Criminal Investigation; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on October 11, 2024

_____
BENEDICT CASTRO
Special Agent
Internal Revenue Service
Criminal Investigation