UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    -v.-<br><br>VARIOUS FIAT CURRENCY WITH AN APPROXIMATE VALUE OF $2,300,000 SEIZED ON OR ABOUT MAY 20, 2021 FROM THE RESIDENCE OF URS MEISERHANS LOCATED IN NICOSIA, CYPRUS; and<br><br>APPROXIMATELY 38 LUXURY-BRAND WATCHES SEIZED ON OR ABOUT MAY 20, 2021 FROM THE RESIDENCE OF URS MEISTERHANS, LOCATED IN NICOSIA, CYPRUS,<br><br>    Defendants-*in-rem*. | **JUDGMENT OF FORFEITURE**<br><br>24 Civ. 7829 (AKH) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about October 15, 2024, the United States of America commenced an *in rem* forfeiture action seeking the forfeiture of the following property by the filing of a Verified Civil Complaint for Forfeiture (the "Verified Complaint"):

  a. Various fiat currency with an approximate value of $2,300,000 seized on or about May 20, 2021 from the residence of Urs Meiserhans located in Nicosia, Cyprus (the "Seized Currency"); and

  b. Approximately 38 luxury-brand watches seized on or about May 20, 2021 from the residence of Urs Meiserhans located in Nicosia, Cyprus (the "Seized Watches")

(a. and b., together, the "Defendants-*in-rem*");

WHEREAS, the Verified Complaint alleged that the Defendants-*in-rem* are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A), because there is

2

probable cause to believe the Defendants-*in-rem*, constitutes (i) property involved in a money laundering transaction, in violation of Title 18, United States Code, Section 1956(h); and (ii) property constituting or derived from proceeds traceable to wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1343 and 1349;

WHEREAS, notice of the Verified Complaint against the Defendants-*in-rem* was posted on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on February 21, 2025, through March 22, 2025, and proof of such publication was filed with the Clerk of this Court on April 30, 2026 (D.E. 35);

WHEREAS, as set forth in Rule G(4)(a)(ii) and Rule G(5)(a)(ii), the notice of forfeiture specified the Defendant-*in-rem* and the intent of the United States to forfeit and dispose of the Defendants-*in-rem*, thereby notifying all third parties of their right to file a claim to adjudicate the validity of their alleged legal interest in the Defendants-*in-rem*, within sixty days from the first day of publication of the Notice on the official government internet site;

WHEREAS, on or about February 18, 2025, Natalia Meisterhans ("Meisterhans") filed a claim asserting an interest in €330,000 and 300,000 Swiss Francs (the "Meisterhans Claim"), constituting a portion of the Seized Currency (the "Meisterhans Claim") (D.E. 5);

WHEREAS, on or about February 18, 2025, Seringi Investments Limited ("Seringi", together with Meisterhans, the "Claimants") filed a claim asserting an interest in €1,250,000.00, constituting a portion of the Seized Currency (the "Seringi Claim") (D.E. 6);

WHEREAS, on or about March 10, 2025, Meisterhans filed an Answer (D.E. 10);

WHEREAS, on or about March 10, 2025, Seringi filed an Answer (D.E. 11);

3

WHEREAS, on or about May 5, 2026, the Court entered a Stipulation and Order (the "Stipulation"), wherein the Government agreed to (i) return €330,000 and 300,000 Swiss Francs, constituting a portion of the Seized Currency, to Meisterhans (the "Meisterhans Share") and Meisterhans agreed withdraw any claim of interest in the remainder of the Seized Currency and the Seized Watches (the "Government's Share"); and (ii) Seringi agreed to withdraw the Seringi Claim and agreed not to contest the forfeiture of the Defendants-*in-rem* (D.E. 37).

WHEREAS, the Claimants are the only individuals and/or entities known to the Government to have a potential interest in the Defendants-*in-rem*;

WHEREAS, no outstanding claims or answers have been filed or made in this action and no other parties have appeared to contest the action, and the requisite time periods in which to do so, as set forth in Title 18, United States Code, Section 983(a)(4)(A) and Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, have expired; and

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Government's Share and Seized Watches (the "Forfeited Property"), including interest accrued thereto, shall be, and the same hereby is, forfeited to the plaintiff United States of America.

2.      The United States Department of Treasury (or its designee) shall dispose of the Forfeited Property, according to law.

Dated: New York, New York
         _____ , 2026

SO ORDERED:

HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE